Mrs. Charles M. Boerman, née María L. Fordham, peticionaria y apelante, Ex Parte; Herederos de Esther Bessie Boerman, opositores y apelados.

Núm. 7064.—*Sometido:* Marzo 2, 1937. *Resuelto:* Febrero 4, 1938.

*E. Ramos Antonini,* abogado de la apelante; *Mariano Acosta Velarde* y *Federico Acosta Velarde,* abogados de los apelados.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En diciembre 31, 1932, la señora de Charles M. Boerman, como administradora judicial de los bienes dejados por Charles M. Boerman, radicó ante la Corte de Distrito de Ponce una moción solicitando compensación extra y honorarios de abogado. En esta moción, que fué presentada casi dos años después de haberse rendido su cuenta final, ella alegó que había sido administradora por espacio de quince años, había realizado deberes extraordinarios que enumeraba, y se había visto precisada a contratar los servicios profesionales del Lic. Ramos Antonini para preparar la cuenta final y para defenderla en la aprobación de la misma. Solicitaba se le concedieran $9,000 como compensación extra por el término de quince años, a razón de $50 mensuales y $1,000 para los honorarios de abogado arriba mencionados. Los herederos de Esther Bessie Boerman, como partes interesadas, se opusieron a la anterior petición, negando todas y cada una de las alegaciones de la misma y alegando que la señora de Charles M. Boerman tenía derecho solamente al porcentaje sobre las sumas cobradas durante la administración, fijado por el artículo 586 del Código de Enjuiciamiento Civil. Esta compensación estatutaria ya había sido retenida por ella. La corte inferior, con fecha 28 de diciembre de 1933, declaró sin lugar la moción y la peticionaria apeló.

■■ Los herederos de Esther Bessie Boerman han solicitado se desestime la apelación por dos motivos, a saber: *(a)* que la resolución de diciembre 28 de 1933 era inapelable; y *(b)* que el período estatutario para apelar, que los apelados sostienen es de diez días, había transcurrido al tiempo en que se interpuso el recurso.

En lo que al segundo fundamento jurisdiccional presentado se refiere, este tribunal tomará conocimiento judicial del hecho de que el 7 de enero de 1934, que según la teoría de los apelados era el último día en que se podía entablar la apelación fué un domingo. Toda vez que el escrito de apelación, fué radicado en 8 de enero de 1934, los procedimientos

interpuestos por la apelante están debidamente ante nos. Véase el artículo 388 del Código Político.

■■ El otro fundamento de la desestimación requiere un análisis cuidadoso de los principios legales que rigen la liquidación final de los bienes de un finado. Por tanto, creemos que la consideración del recurso en sus méritos presentaría una base más satisfactoria para resolver todas las cuestiones envueltas. Esto es especialmente así porque estamos inclinados a considerar una resolución de la naturaleza de la apelada como una providencia de naturaleza especial dictada después de sentencia final.

No podemos proceder a resolver el caso sin comentar sobre el alegato presentádonos por la apelante. Se señalan dos errores. La discusión material de las cuestiones suscitadas comprende página y media. Las cuestiones planteadas, que sepamos, nunca han sido resueltas definitivamente por este tribunal. Mas, sin embargo, la apelante dejó de aducir jurisprudencia específica o argumentos sustanciales para sostener sus contenciones.

En lo que a la cuestión de compensación extra se refiere estamos inclinados a convenir tanto con la corte inferior como con los apelados. En lo que concierne a la compensación que debe concedérsele a los administradores de los bienes de un finado, nuestro estatuto expresa el porcentaje exacto que ha de pagarse y la jurisprudencia de los Estados Unidos, de donde fué tomado nuestro estatuto, es casi unánimemente como sigue:

"Cuando la suma exacta de la compensación o la cuantía máxima a concederse es fijada por el estatuto, en ausencia de una disposición testamentaria o estatutaria para que se conceda compensación adicional por servicios extraordinarios, a los representantes personales del finado sólo puede concedérseles la compensación específica, aunque la administración de los bienes del finado haya sido muy difícil o los representantes hayan prestado servicios inusitados que han beneficiado a la sucesión." 24 C. J. 987, sección 223 y los muchos casos allí citados.

■ La señora Boerman también apela de aquella parte de la resolución que se negó a concederle $1,000 por concepto de honorarios de abogado para ser pagados por ella al Lic. Ramos Antonini por los servicios de éste en la ayuda prestádale en la preparación y rendición de su cuenta final, así como en defender la cuenta final de las objeciones formuladas por los aquí apelados.

De unos autos que están ante este tribunal en una apelación mutua entablada por las mismas partes contra la orden de la Corte de Distrito de Ponce que resolvió definitivamente la cuenta final rendida por la señora Boerman, apelación núm. 7060, aparece que la corte sentenciadora sostuvo algunas de las objeciones formuladas contra la cuenta y declaró sin lugar otras. Bajo las circunstancias somos del criterio de que la señora Boerman tenía derecho a utilizar un letrado para que defendiera su cuenta final pero no a una suma considerable por ayudarla a preparar dicha cuenta, puesto que no estamos convencidos de que su administración desde 1922 en adelante fuera una extremadamente complicada o difícil. En lo que se refiere a los honorarios de abogado por defender la cuenta final presentada por ella, creemos que la regla más equitativa en esta jurisdicción, cuando la compensación de la administradora bajo la regla antes expresada en esta misma opinión está limitada a la prescrita por el estatuto, debe ser la establecida en los casos de *Pinckard's Distributees* v. *Pinckard's Adm'rs.*, 24 Ala. 250, y *Clark* v. *Eubank,* 80 Ala. 584, 3 So. 49. Esta regla, en resumen, dice que cuando una cuenta final es impugnada y algunas de las objeciones son sostenidas y otras declaradas sin lugar, a la administradora debe concedérsele una suma proporcional de sus honorarios de abogado. Esta regla, desde luego, presupone buena fe por parte del administrador. Hemos considerado plenamente el litigio en lo que concierne a la cuenta de la apelante y hallado que muchos de los puntos suscitados giraban sobre cuestiones de derecho. No se puede concluir en este caso que la administradora no cumpliera sus deberes con fidelidad.

Los honorarios solicitados por la administradora están, sin embargo, a nuestro juicio, algo fuera de proporción con la cuantía envuelta en la liquidación final. Creemos que la apelante debe tener derecho a que se le conceda la suma de $300 para liquidar estos honorarios de abogado.

*Debe modificarse la resolución de la corte de distrito en el sentido de conceder a la administradora la suma de $300 para honorarios del abogado que la representó en la liquidación final de la cuenta presentada.*

Los Jueces Presidente Señor del Toro y Asociado Señor Córdova Dávila no intervinieron.